UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-240-MMB-2 |
| | ) | |
| BRIDGETTE GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Bridgette Green ("Green"), by and through the undersigned counsel, respectfully submits this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Green offers the following:

## I. INTRODUCTION

On August 8, 2019, Green was sentenced to a term of 24 months and one day imprisonment for Conspiracy, in violation of 18 U.S.C. § 371; Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2; Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028(a)(1) and 2; and Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Green's current projected release date is May 23, 2021.

In December 2018, Congress enacted the First Step Act ("FSA") which modified Title 18 of the United States Code Section 3582(c)(1) to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such as reduction[.]"

Green previously sought a Compassionate Release/Reduction in Sentence pursuant to Bureau of Prisons ("BOP") Program Statement 5050.50 based on Green's debilitating medical condition. The Warden at FMC Carswell denied Green's request, and Green has been pursuing her administrative remedies. However, due to the recent outbreak of the novel COVID-19 virus and present conditions under which Green is housed, Green respectfully requests the Court's immediate intervention in granting Green a Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II. APPLICABLE LAW

The First Step Act of 2018 modified 18 U.S.C. § 3582(c) to read as follows:

> (c) Modification of an Imposed Term of Imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it find that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the

Bureau of Prisons that the defendant is not a danger to
the safety of any other person or the community, as
provided under section 3142(g);

and that such a reduction is consistent with
applicable policy statements issued by the
Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As many district courts have noted post-Fair Sentencing Act,
"Congress has not specified the circumstances that qualify as 'extraordinary
and compelling reasons' except to state that a reduction pursuant to this
provision must be 'consistent with applicable policy statements issued by the
Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY,
2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy
statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13,
which its commentary states:

1. Extraordinary and Compelling Reasons.–Provided the defendant
meets the requirements of subdivision (2) [not a danger to society],
extraordinary and compelling reasons exist under any of the
circumstances set forth below:

(A) Medical Condition of the Defendant.–

(i) The defendant is suffering from a terminal illness (*i.e.*,
a serious and advanced illness with an end of life
trajectory). A specific prognosis of life expectancy (*i.e.*, a
probability of death within a specific time period) is not
required. Examples include metastatic solid-tumor
cancer, amyotrophic lateral sclerosis (ALS), end-stage
organ disease, and advanced dementia.

(ii) The defendant is—

3

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(c) Family Circumstances.–

      (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

      Since the enactment of the First Step Act, district courts across the country have found and given various meanings to the term "extraordinary and compelling." *See*, *e.g.*, *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health]

coupled with Ebbers's age present 'extraordinary and compelling reasons"); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 § 924(c) constitutes extraordinary and compelling reason for reduction in sentence after the First Step Act); *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964 (D. Mass. Sept. 16, 2019) (finding the defendant's role as the only potential caregiver to his ailing mother extraordinary and compelling reason for compassionate release); and *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal health care BoP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

### III. JURISDICTION

Although Green is still in the process of exhausting her administrative remedies, the current conditions and environment in the United States–especially within prisons–makes exhaustion of the administrative remedy process an exercise of futility. *See Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) ("Because of its nature, prudential exhaustion [of administrative remedies] can be bypassed under certain circumstances, including waiver, estoppel, tolling or futility.").

Here, Green has proceeded through the administrative remedy process and is currently awaiting a decision on her BP-11 appeal. However, due to the severity of the COVID-19 outbreak in the FBOP, waiting another 40 days

for a decision from the BOP on Green's appeal could prove fatal. Under such circumstances, full exhaustion of Green's administrative remedies is futile, and the Court should consider her motion for Compassionate Release under § 3582(c)(1)(A).

Further, recent decisions from other district courts support the urgency of Green's request. For example, in *United States v. Brannan*, No. 4:15-CR-80-01 (S.D. Tx. Apr. 2, 2020), the district court granted an emergency motion for compassionate release for an inmate at FCI Oakdale who had not completely exhausted his administrative remedies.

## IV. A REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) IS WARRANTED

Green sought Compassionate Release/Reduction in Sentence from the BOP based on her severe and debilitating medical condition.[1] Green suffers from several autoimmune diseases and other ailments including polymyositis[2], interstitial lung disease[3], scleroderma[4], gastroparesis[5], dilated

---

[1]     *See* Green's administrative remedies and attachments.

[2]     Polymyositis is a muscle disease that causes inflammation of the muscles or associated tissues, such as blood vessels and causes weakness. https://www.mayoclinic.org/diseases-conditions/polymyositis/symptoms-causes/syc-20353208

[3]     Interstitial lung disease involves a scarring of lung tissue which affects an individual's ability to breathe and get enough oxygen into the bloodstream. https://www.mayoclinic.org/diseases-conditions/interstitial-lung-disease/symptoms-causes/syc-20353108

[4]     Scleroderma is a chronic connective tissue disease generally classified as one of the autoimmune rheumatic diseases. https://www.scleroderma.org/site/SPageNavigator/patients_whatis.html#.Xo9EhNNKiCc

esophagus with severe acid reflux, and Raynaud Syndrome[6]. Since arriving at
FMC Carswell, Green's condition has worsened. Green has since developed
an enlarged heart, Sjögren's syndrome,[7] and Lupus[8] as a result of the BOP's
failure to treat her lung disease. Most recently, Green's test results showed a
Sed rate of 118 mm/hr[9]. The normal range for women is 0 to 29 mm/hr. Green
is in severe need of proper medical treatment, without which she will
undoubtedly succumb to her illness.

To compound the issue, the recent outbreak of COVID-19 within the
BOP institutions means that Green is at significant risk of infection. People
of any age who suffer from the following have an elevated risk: chronic lung

---

[5]     Gastroparesis is a condition that affects the normal spontaneous
movement of muscles in the stomach. https://www.mayoclinic.org/diseases-
conditions/gastroparesis/symptoms-causes/syc-20355787

[6]     Raynaud syndrome is a medical condition in which spasm of arteries
cause episodes of reduced blood flow. https://www.mayoclinic.org/diseases-
conditions/raynauds-disease/symptoms-causes/syc-20363571

[7]     An autoimmune disease that attacks the glands that make tears and
saliva. https://medlineplus.gov/sjogrenssyndrome.html

[8]     A systemic autoimmune disease that attacks the body's own tissue and
organs. https://www.mayoclinic.org/diseases-conditions/lupus/symptoms-
causes/syc-20365789

[9]     Sed rate (erythrocyte sedimentation rate) is a blood test that helps detect
inflammation in the body. The test measures the rate of sedimentation of red blood cells.
Increased sed rate indicates inflammation. Sed rate tests are used to monitor the progress
of inflammatory diseases. https://my.clevelandclinic.org/health/diagnostics/17747-sed-
rate-erythrocyte-sedimentation-rate-or-esr-test

disease or moderate to severe asthma; serious heart conditions; conditions

that can cause a person to be immunocompromised, including cancer

treatment, smoking, bone marrow or organ transplantation, immune

deficiencies, poorly controlled HIV or AIDS, and prolonged use of

corticosteroids and other immune weakening medications; severe obesity;

diabetes; chronic kidney disease or undergoing dialysis; or liver disease.[10]

Clearly, with Green's medical conditions, if she were to contract COVID-19, it

would undoubtedly be fatal. As of April 7, 2020, the BOP has confirmed 253

federal inmates and 85 BOP staff who have tested positive for COVID-19.

There have been 8 federal inmate deaths. FMC Carswell reports one inmate

who tested positive.[11]

Given COVID-19's recent surge in the federal prison system, several

district courts have granted inmates' compassionate release requests just

within the past week. *See United States v. Foster*, No. 1:14-cr-324-02 (M.D.

Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this

highly contagious, potentially fatal global pandemic are unprecedented. It is

no stretch to call this environment 'extraordinary and compelling,' and we all

believe that, should we not reduce Defendant's sentence, Defendant has a

---

[10]     Centers for Disease Control and Prevention, *Groups at Higher Risk for
Severe Illness*, https://bit.ly/3dYDrqI; *Coronavirus disease (COVID-19) advice
for the public: Myth busters,* World Health Organization,
https://cutt.ly/dtEiCyc ("Older people, and people with pre-existing medical
conditions (such as asthma, diabetes, heart disease) appear to be more
vulnerable to becoming severely ill with the virus.").

[11]     https://www.bop.gov/coronavirus/

high likelihood of contracting COVID-19 from which he would "not expected

to recover." USSG SS 1B1.13. No rationale is more compelling or

extraordinary."); *United States v. Colvin*, No. 3:19-cr-179 (JBA), 2020 WL

1613943 (D. Conn. Apr. 2, 2020) ("She has diabetes, a 'serious … medical

condition,' which substantially increases her risk of severe illness if she

contracts COVID-19…. Defendant is 'unable to provide self-care within the

environment of FDC Philadelphia in light of the ongoing and growing

COVID-19 pandemic because she is unable to practice effective social

distancing and hygiene to minimize her risk of exposure, and if she did

develop complications, she would be unable to access her team of doctors at

Bridgeport Hospital. In light of the expectation that the COVID-19 pandemic

will continue to grow and spread over the next several weeks, the Court

concludes that the risk faced by Defendant will be minimized by her

immediate release to home, where she will quarantine herself."); *United*

*States v. Brannan*, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (emergency

motion was granted same day of filing for prisoner who had served 9 months

of a 36-month sentence for fraud at FCI Oakdale and had not exhausted BOP

remedies); *United States v. Resnik*, No. 1:12-cr-00152-CM (S.D.N.Y. 2020)

("Releasing a prisoner who is for all practical purposes deserving of

compassionate release during normal times is all but mandated in the age of

COVID-19"); *United States v. Williams*, No. 3:04-cr-95-MCR (N.D. Fla. Apr. 1,

2020) ("Williams' cardiovascular and renal conditions compromise his

immune system, which, taken with his advanced age, put him at significant risk for even more severe and life threatening illness should he be exposed to COVID-19 while incarcerated….Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); and *United States v. Jepsen*, No. 3:19-cr-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release. The Court finds that the totality of the circumstances specific to Mr. Jepsen constitute 'extraordinary and compelling' reasons to grant compassionate release.").

Lastly, the 18 U.S.C. § 3553(a) factors support granting Green a reduction in the unprecedented time. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the vital nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id*. Since her incarceration, Green has completed several BOP programs and courses.[12] Finally, Green has the love and support of friends and family to assist her if she is granted relief.[13]

---

[12]     See attached BOP certificates.

[13]     *See* attached letters of support.

## V. CONCLUSION

Green suffers from severe and debilitating medical conditions that warrant compassionate release under normal circumstances. However, the COVID-19 pandemic makes Green's circumstances even more extraordinary and compelling, as many district courts have determined. Accordingly, Green respectfully prays that the Court will enter an Order granting this 18 U.S.C. § 3582(c)(1)(A) motion and re-sentence Green to a term of time served.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Pro Hac Vice for Green*

/s/ Brian J. Zeiger
Levin & Zeiger LLP
Two Penn Center Suite 620
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel: 215-825-5183
Fax: 215-279-8702
Email: zeiger@levinzeiger.com

*Local Counsel for Green*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all

counsel of record via the Court's CM/ECF system this 14th day of April 2020.


_/s/ Jeremy Gordon_