UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGETTE GREEN, )<br>)<br>    Defendant. ) | Case No. 2:18-cr-240-MMB-2 |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(1)(A)**

Bridgette Green ("Green"), by and through the undersigned counsel, respectfully submits this Reply to the Government's Response to Green's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Green offers the following:

As a threshold matter, Green's request for a compassionate release and reduction in sentence is not based on COVID-19 as the Government's Response suggests. Rather, Green's request–which was originally submitted to the Bureau of Prisons in November 2019–is based on her numerous severe and debilitating medical conditions. (Docket Entry "DE" 51 at 6-7). Those conditions, on their own, justify a compassionate release. However, the Court should also not turn a blind eye to the current state of emergency simply because Green submitted her compassionate release request prior to the existence of COVID-19. Simply put, Green's request is based on her medical

conditions and those circumstances are further compounded by the rapid spread of COVID-19 throughout the Bureau of Prisons.

Green has been in the process of exhausting her administrative remedies since November of 2019. Now, with the BOP in crisis[1], the Government suggests Green start the process all over again simply because she did not predict a pandemic. Moreover, Green is still in the process of exhausting her administrative remedies, with the BOP Central Office extending its time to respond to Green's BP-11 to June 12, 2020.[2] Exhaustion under these circumstances is not only futile, but could prove fatal given the *nearly 800 percent increase* in positive COVID-19 cases in just three weeks.

Further, the Third Circuit's decision in *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) does not foreclose Green's application despite the fact that she is still in the administrative remedy process. In *Raia*, the Third Circuit found that the defendant had not allowed the BOP 30 days to respond to Raia's compassionate release request. *Id*. at 597. 30 days have lapsed since Green's initial compassionate release request, and she has been pursuing her administrative remedies since. But the court specifically found that it "need not address administrative appeals here[.]"

---

[1]  When Green filed her § 3582 motion, the BOP had reported a total of 253 federal inmates and 85 BOP staff who have tested positive for COVID-19. Three weeks later, the BOP now reports *1,984 federal inmates and 356 BOP staff* who have confirmed positive test results. https://www.bop.gov/coronavirus/

[2]  *See* Letter from Central Office, Washington, DC.

Finally, the Government asserts that Green is in the process of being evaluated by the Bureau of Prisons for home confinement, but cannot confirm that Green has been or will be approved. Even assuming this is in fact true, and Green is placed in home confinement pursuant to the CARES Act, such action would not divest this Court of jurisdiction as Green would still be serving a sentence that could be reduced under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, Green respectfully prays that the Court will enter an Order granting her 18 U.S.C. § 3582(c)(1)(A) motion and re-sentence Green to a term of time served based on extraordinary and compelling circumstances.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Green*

/s/ Brian J. Zeiger
Levin & Zeiger LLP
Two Penn Center Suite 620
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel: 215-825-5183
Fax: 215-279-8702
Email: zeiger@levinzeiger.com

*Local Counsel for Green*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 5th day of April 2020.

<u>/s/ Jeremy Gordon</u>