IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 18-240 |
| BRIDGETTE GREEN | : | |

### ORDER TO REDUCE TERM
### OF IMPRISONMENT TO TIME SERVED

**BEFORE THE COURT** is a motion filed by the defendant, Bridgette Green, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking a modification of her term of imprisonment to time served based on the current coronavirus pandemic and her high risk of death or serious illness if she contracts COVID-19.

This Court is authorized under Section 3582(c)(1)(A)(i) to modify a term of imprisonment upon the finding that "extraordinary and compelling reasons" warrant the reduction. The Court finds as follows:

1. On August 8, 2019, Bridgette Green was sentenced to 24 months and one day of imprisonment, and one year of supervised release, after pleading guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; one count of bank fraud, in violation of 18 U.S.C. § 1344; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and 26 counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(b)(i).

2. Green is currently housed at Federal Medical Facility - Carswell in Fort Worth, Texas. Her current release date is May 23, 2021, and she would ordinarily be eligible for

home confinement on March 12, 2021. She has served over eight months, or approximately 34%, of her sentence. Her Bureau of Prisons inmate number is 76683-066.

3. Green, who is 40 years old, suffers from polymyositis, interstitial lung disease, scleroderma, a dilated esophagus, and Raynaud's disease. Therefore, according to the Centers for Disease Control and Prevention, she is at a high risk of death or serious illness if she contracts COVID-19.

4. On January 10, 2020, Green presented a request to the warden at FMC Carswell for a reduction in sentence based on her medical condition. On January 30, 2020, the warden denied the request.

5. On April 14, 2020, Green filed a motion for compassionate release with this Court because of her high risk of medical complications and death if she were to contract COVID-19.

6. On April 20, 2020, the government requested an extension of time until May 4, 2020, to respond both because Green had not exhausted her administrative remedies by submitting a request for release to the warden which raised the concerns about COVID-19, and because the government was informed that the Bureau of Prisons was considering Green for home confinement. The Court granted the government's motion on April 21, 2020. On May 4, 2020, the government informed the Court by letter that Green was still under consideration for home confinement.

7. On May 6, 2020, the Court ordered the government to reply to the Court about how much time Green had served, and ordered the defense to inform the Court where she would live if released on home confinement. The defense provided the release plan

information on May 8, 2020. On May 13, 2020, the government informed the Court, by letter, that Green was still under consideration for home confinement, which included a determination of whether she had a suitable release plan in light of her medical treatment needs, but that Green had not yet been approved for home confinement.

8. On May 22, 2020, having now had the opportunity to fully review the pertinent records, the government filed a response in support of Green's compassionate release. According to the government, "extraordinary and compelling reasons" exist to allow a sentence reduction, and consideration of all pertinent factors, including the length of sentence served and the apparent absence of any danger to the public, warrants a reduction to time served. This Court agrees. Indeed, Green has no other convictions and has no history of violence.

9. The government and Green request that the remainder of the original term of imprisonment be replaced by an additional term of supervised release, as permitted by Section 3582(c)(1)(A), with a condition of home confinement consistent with the release plan. Thus, Green would be placed on supervised release with a condition of home confinement until her original projected release date of May 23, 2021.

10. The government further submits that Green should still serve the previously imposed one-year period of supervised release.

11. According to the government, it is the policy of the Department of Justice to request the quarantine of any inmate who is released, in order to protect public health and safety. Thus, the government requests that Green be placed immediately in a 14-day

quarantine at FMC Carswell, unless this is not necessary because she has already been effectively quarantined.

12. The government has notified the Probation Office of its support for Green's request for compassionate release and has requested that the Probation Office prepare a release plan.

**THEREFORE, IT IS ORDERED** that defendant Bridgette Green's motion is **GRANTED** and her term of imprisonment is commuted to time served.

**IT IS FURTHER ORDERED** that the defendant shall be released from the custody of the Bureau of Prisons as soon as her period of quarantine is completed, her medical condition permits, her release plan is implemented, and travel arrangements can be made.

**IT IS FURTHER ORDERED** that the remainder of the original term of the defendant's imprisonment shall be replaced by an additional term of supervised release, with the condition that the defendant reside during that time at a location approved by the Probation Office in the release plan, and that the defendant shall abide by all other conditions of supervised release imposed by the U.S. Probation Office.

**IT IS FURTHER ORDERED** that the defendant shall still serve the previously imposed one-year period of supervised release.

**IT IS FURTHER ORDERED** that the Probation Office shall notify the Court if the release plan cannot be implemented by the time that Green has completed her period of quarantine.

ORDERED THIS _____ DAY OF _____, 2020.

BY THE COURT:

_____
**HONORABLE MICHAEL M. BAYLSON**
*United States District Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 18-240 |
| BRIDGETTE GREEN | : |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE

The United States of America, by and through the undersigned attorneys, does not oppose Defendant's Motion for Compassionate Release and respectfully moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to modify the defendant's term of imprisonment to time served.

On August 8, 2019, Bridgette Green was sentenced to 24 months and one day of imprisonment, and one year of supervised release, after pleading guilty to one count of conspiracy, in violation of 18 U.S.C. § 371; one count of bank fraud, in violation of 18 U.S.C. § 1344; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and 26 counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(b)(i).

Green is currently housed at Federal Medical Center - Carswell in Fort Worth, Texas. Her current release date is May 23, 2021, and she would ordinarily be eligible for home confinement on March 12, 2021. She has served over eight months, or approximately 34%, of her sentence. Her BOP inmate number is 76683-066.

Green, who is 40 years old, suffers from polymyositis, interstitial lung disease, scleroderma, a dilated esophagus, and Raynaud's disease. Therefore, according to the Centers for Disease Control and Prevention, she is at high risk of death or serious illness if she contracts COVID-19.

On January 10, 2020, Green presented a request to the warden at FMC Carswell for a reduction in sentence based on her medical condition. On January 30, 2020, the warden denied the request.

On April 14, 2020, Green filed a motion for compassionate release with this Court because of her high risk of medical complications and death if she were to contract COVID-19.

On April 20, 2020, the government requested an extension of time until May 4, 2020, to respond both because Green had not exhausted her administrative remedies by submitting a request for release to the warden which raised the concerns about COVID-19, and because the government was informed that the Bureau of Prisons was considering Green for home confinement. The Court granted the government's motion on April 21, 2020. On May 4, 2020, the government informed the Court by letter that Green was still under consideration for home confinement.

On May 6, 2020, the Court ordered the government to reply to the Court about how much time Green had served, and ordered the defendant to inform the Court where she would live when released on home confinement. The defense provided the release plan information on May 8, 2020. On May 13, 2020, the government informed the Court by letter that Green was still under consideration for home confinement, which included a

determination of whether she had a suitable release plan in light of her medical treatment needs, but that she had not been approved for home confinement.

Having now had the opportunity to fully review pertinent records, it is the government's view that, as stated in 18 U.S.C. § 3582(c)(1)(A)(i), that "extraordinary and compelling reasons" exist to allow a sentence reduction, and consideration of all pertinent factors, including the length of sentence served and the apparent absence of any danger to the public, warrants a reduction to time served. Indeed, Green has no other convictions and has no history of violence.

According to the United States Probation Office, the Office is currently working on a release plan for Green if the Court grants her release.

The government and Green agree that the remainder of the original term of imprisonment should be replaced by an additional term of supervised release, as permitted by Section 3582(c)(1)(A), with a condition of home confinement consistent with the release plan. The government and Green further agree that Green should then should still serve the previously imposed one-year period of supervised release.

It is the policy of the Department of Justice to request the quarantine of any inmate who is released, in order to protect public health and safety. Thus, the government requests that the Bureau of Prison immediately place Green in a 14-day quarantine.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Laurie Magid*
LAURIE MAGID
Assistant United States Attorney

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on defense counsel through email and the Electronic Case Filing (ECF) system:

> Jeremy Gordon, Esq.
> 1848 Lone Star Road, Suite 106
> Mansfield, TX  76063
>
> Brian Zeiger
> Levin and Zeiger
> 1500 John F. Kennedy Blvd.
> Two Penn Center – Suite 620
> Philadelphia, PA  19102

> */s Laurie Magid*
> LAURIE MAGID
> Assistant United States Attorney

DATED:  May 22, 2020.